UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE WROTTEN,

      Plaintiff,

v.                                                  Case No:   2:10-cv-685-FtM-38CM

CAROLYN W. COLVIN,
Commissioner of Social Security,[1]

      Defendant.

## REPORT AND RECOMMENDATION[2]

Before the Court is Plaintiff Stephanie Wrotten's Attorney Motion, Affidavit and Memorandum in Support of Motion for 42 U.S.C. § 406(b) Fees (Doc. 28, "Petition") and Defendant's Response in Opposition (Doc. 31). Plaintiff's counsel, Jonas H. Kushner ("Kushner") requests an award of $2,089.26 in attorney's fees pursuant to 42 U.S.C. § 406(b), representing 25% of the balance of Plaintiff's past due benefits awarded on remand. For the reasons set forth herein, the Court recommends that the Petition for attorney's fees be **DENIED** as untimely.

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. No further action need be taken to continue this suit pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

    [2] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

I.   Procedural History

On May 5, 2008, Plaintiff applied for disability and disability insurance benefits, alleging disability beginning on March 27, 2008. Tr. 11. After the Social Security Administration ("SSA") denied her application, she appealed that decision to this Court. Doc. 1. On September 6, 2011, the Court entered Judgment reversing the decision of the Commissioner of Social Security ("Commissioner") and remanding this case for further proceedings. *See* Docs. 22, 23, 24. Thereafter, Kushner was awarded $4,052.63 by the Court in attorney's fees under the Equal Access to Justice Act ("EAJA"), $3,594.12 of which was withheld by the U.S. Department of Education because of a federal debt Plaintiff owed. Docs. 26, 27.

After remand, Plaintiff was awarded past-due disability benefits in the amount of $48,357.00. Doc. 28 at ¶ 4. Twenty-five percent of that amount, $12,089.25, was withheld by the Commissioner to pay Plaintiff's representatives. *Id.* Attorney Kushner informs the Court that he has been paid $9999.99 of this amount already in fees pursuant to 42 U.S.C. § 406(a) for representation of Plaintiff before the Commissioner. Doc. 28 at ¶ 4, p. 10. On April 1, 2014, Kushner filed the present Petition pursuant to 42 U.S.C. § 406(b) seeking an award of the balance of the 25%, $2,089.26, which was set aside to pay Plaintiff's representatives for representation of Plaintiff before this Court. Doc. 28. In support of the Petition, he attaches a letter from the SSA dated February 5, 2014, informing him that it was withholding the amount of $2,089.26, which represents the balance of 25% of the past-due benefits for

Plaintiff in anticipation of direct payment of an authorized attorney's fee. Doc. 28 at 10. The letter inquired whether Kushner had petitioned this Court for the fee. *Id.*

The Government responds that the Petition is untimely, but if Kushner is awarded Section 406(b) fees he should be required to refund the smaller amount between the EAJA fees he has already received and the Section 406(b) fees. Kushner requests an exception to the refund of the EAJA fees because of the amount withheld for Plaintiff's federal debt. Doc. 28 at ¶ 7.

## II. Analysis

There are three statutory provisions under which attorneys representing claimants in social security disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d) (the EAJA). Section 406(a) provides for fees for work done before the Commissioner at the administrative level, paid out of the claimant's past-due benefits awarded, which is capped at 25% of the past-due benefits or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II). For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA.[3]

Kushner has been awarded Section 406(a) fees from the Commissioner (Doc. 28 at 8), EAJA fees by this Court (Docs. 26, 27), and now seeks attorney's fees pursuant to Section 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may

---

[3] The EAJA permits a *claimant* to seek an award of fees against the Government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A).

> determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ….

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* at (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under Section 406(b).

In *Bergen*, the court further found that Federal Rule 54(d)(2)(B) applies to Section 406(b) attorney's fee claims. *Bergen*, 454 F.3d at 1277. Rule 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment." The court declined to decide the issue of when the 14-day period for filing a Section 406(b) petition for attorney's fees begins to run because the Commissioner had not objected to the timeliness of the attorney's fees petitions. *Bergen*, 454 F.3d at 1277. The court went on to state the following in a footnote:

> With respect to future social security actions, in accordance with the § 406(b) statutory language and the Federal Rules of Civil Procedure, this Court believes that the best practice, in entry of a judgment for immediate entry of benefits, would be for the Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission.

*Id.* at 1278 n.2.

The Government has objected in this case that the Petition is untimely under both *Bergen* and this Court's standing order regarding the filing of Section 406(b) attorney's fees petitions, which was entered in November 2012. *See In re Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-ORL-22 (M.D. Fla. Nov. 13, 2012) (Doc. 1) ("Standing Order"). First, the Government argues that pursuant to *Bergen*, the Petition was due on July 16, 2012, 14 days after the SSA sent Plaintiff a Notice of Change of Benefits on July 2, 2012 informing her that the amount of her past-due benefits had been reduced. Doc. 31-2. Second, the Government argues that the Petition still would be untimely if this Court applies the deadlines from the Court's Standing Order, which provides:

> any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees.

Standing Order at 1. The Government argues that under the Standing Order, the Petition would have been due on August 1, 2012 – 30 days after the July 2, 2012 Notice of Change of Benefits letter. Doc. 31-2. Finally, the Government argues that even if the Court uses the February 5, 2014 letter from the SSA that Kushner has attached to his Petition which informs him that it is withholding the amount of

$2,089.26, representing the balance of 25% of the past-due benefits for Plaintiff (Doc. 28 at 10), the Petition would have been due on March 7, 2014 pursuant to the Court's Standing Order. Kushner, however, did not file his Petition until April 1, 2014.

The Court finds that the February 5, 2014 letter to Plaintiff's counsel satisfies the triggering event for the 30 days to begin to run as set forth in this Court's Standing Order. In line with the language of the Standing Order, the February 5, 2014 letter was sent to Plaintiff's counsel after the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. There is no other letter in the record that was provided to Plaintiff's counsel stating the amount withheld for attorney's fees that would trigger the 30-day period to begin to run. The July 2, 2012 letter (Doc. 31-2) advocated for by the Government informs Plaintiff that the amount of her past-due benefits had been reduced, but the letter does not indicate that it was sent to Plaintiff's counsel, nor does it state the amount withheld for attorney's fees. *Id.*

Pursuant to the Standing Order, if a plaintiff's attorney seeks fees under Section 406(b), he *must* file a motion for approval no later than 30 days after the date of the Social Security letter sent to plaintiff's counsel at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. Doc. 28 at 10. Thus, Kushner's Petition was due on March 7, 2014, but was not filed until April 1, 2014; therefore, the Petition is untimely and should be denied.[4]

---

[4] Because the Court recommends that Kushner's Petition for Section 406(b) fees be denied, the issue of whether he must refund the EAJA fees is moot.

### III.    Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiff Stephanie Wrotten's Attorney Motion, Affidavit and Memorandum in Support of Motion for 42 U.S.C. § 406(b) Fees (Doc. 28) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 18th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Honorable Sheri Polster Chappell
Counsel of record