UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEFFANIE F. WROTTEN,

    Plaintiff,

v.                                                              Case No:   2:10-cv-685-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,[1]

    Defendant.

## ORDER

Before the Court is the Parties' Joint Motion for Reconsideration Regarding Plaintiff's Motion for 42 U.S.C. § 406(b) Fees (Doc. 34) filed on June 27, 2014. On June 18, 2014, the undersigned entered a Report and Recommendation, recommending that Plaintiff Steffanie Wrotten's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc. 28) be denied as untimely. Doc. 32. Thereafter, the parties consented to jurisdiction by United States Magistrate Judge (Docs. 33, 25), and inform the Court that upon further review, Defendant has determined that Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) was, in fact, timely filed. Doc. 34. As such, the parties stipulate that an award of attorney's fees, requested pursuant to 42 U.S.C. § 406(b), should be awarded. Doc. 34 at 1.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. No further action need be taken to continue this suit pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Defendant further stipulates that repayment of the Equal Access to Justice Act ("EAJA") attorney's fees that were previously awarded to Plaintiff's attorney (Docs. 26, 27) should be waived since neither the Plaintiff, nor Plaintiff's attorney, ever received the $4,052.63 EAJA fee ordered by this Court due to a federal debt Plaintiff owed.

The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). In this case, reconsideration is warranted based on the availability of new information from the Defendant that Plaintiff's request for Section 406(b) attorney's fees was in fact timely filed. In *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." In this case, because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under Section 406(b). Therefore, the Court will vacate its Report and Recommendation and grant the request for fees.[2]

---

[2] The Court notes a discrepancy in the amount requested in Plaintiff's Motion for Attorney's Fees ($2,089.26), and the Joint Motion for Reconsideration ($2,090.25). The Court will award the amount requested in Plaintiff's Motion.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Joint Motion for Reconsideration Regarding Plaintiff's Motion for 42 U.S.C. § 406(b) Fees (Doc. 34) is **GRANTED**.

2. The Court's Report and Recommendation (Doc. 32) is **VACATED**.

3. Plaintiff Steffanie Wrotten's Attorney Motion, Affidavit and Memorandum in Support of Motion for 42 U.S.C. § 406(b) Fees (Doc. 28) is **GRANTED**. Attorney fees in the amount of $2,089.26 for attorney Jonas H. Kushner, Esq. are hereby awarded, and may be paid directly to counsel.

4. The Clerk is directed to enter a judgment as to attorney's fees in the amount of $2,089.26 under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record